# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEE ROY J. STANSBERRY,<br><br>                  Plaintiff,<br><br>                  v.<br><br>ENTRY DEPARTMENT OF CORRECTIONS, et al.,<br><br>                  Defendants. | Case No. 3:23-cv-00165-JMK<br><br>Case No. 3:23-cv-00212-JMK |

## **ORDER RE DEFICIENT FILINGS**

The Clerk has received filings from Lee Roy J. Stansberry, Jr., a self-represented prisoner, that have been docketed and assigned case numbers in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above. Plaintiff's filings are mostly illegible, and they are deficient. In order to properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $402.00, or file an application to waive prepayment of the filing fee.[1] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[2] Plaintiff has not paid the filing fee or a completed application to waive prepayment of the fee.

---

[1] Local Civil Rule 3.1.

[2] Local Civil Rule 3.1(c)(3).

Additionally, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."[3] A complaint must be legible and conform to the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Alaska. Although handwritten filings are permitted, they must be double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size.[4]

A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim. To assist self-represented prisoners in filing a complaint that is in compliance with applicable court rules, the District of Alaska has prepared a form complaint for this purpose; a copy of this form is included with this order.

The Court takes judicial notice[5] that Mr. Stansberry has previously filed multiple cases with this Court that have also not included the filing fee or an

---

[3] Fed. R. Civ. P. 8(a).

[4] *See* Local Civil Rule 7.5.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."

Case No. 3:23-cv-00165-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Case No. 3:23-cv-00212-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Order re Deficient Filing
Page 2 of 5

Case 3:23-cv-00165-JMK   Document 2   Filed 10/18/23   Page 2 of 5

application to waive prepayment of the filing fee.[6] Despite being informed and provided opportunities to cure the deficiencies, Mr. Stansberry has failed to do so. The Court has received multiple returned Notices and Orders as refused, undeliverable mail.[7] Nonetheless, in the interests of justice, the Court will accord Plaintiff 30 days to cure the deficiencies identified in this order.

Plaintiff is advised that he cannot maintain a claim against the State of Alaska or state agencies, such as the Department of Corrections,[8] or a federal

---

Black's Law Dictionary (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[6] See *Stansberry v. Enter State of Alaska Govs Dunleavy,* Case No. 3:22-cv-214-SLG, Docket 2 (Returned/Undeliverable Mail 10/14/2022), Docket 3 (Deficient Filing Order 10/17/2022), Docket 4 (Returned/Undeliverable Mail 11/01/2022); *Stansberry v. Entry U.S. District Court*, Case No. 3:22-cv-00223-JMK, Docket 2 (Returned/Undeliverable Mail 10/24/2022), Docket 3 (Deficient Filing Order 11/02/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Entry U.S. District Court*, Case No. 3:22-cv-00231-JMK, Docket 2 (Deficient Filing Order 11/02/2022), Docket 3 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Enter Alaska Dept of Revenue*, Case No. 3:22-cv-211-RRB; Docket 2 (Returned/Undeliverable Mail 10/17/2022), Docket 3 (Deficient Filing Order 11/03/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Entry U.S. District Court Magistrate Judge John D. Roberts,* 3:22-cv-00257-SLG, Docket 2 (Returned/Undeliverable Mail 11/30/2022); Docket 3 (Dismissal for Deficient Filing 12/15/2022), Docket 5 (Returned/Undeliverable Mail 01/03/2023); *Stansberry v. Entry Federal Supreme Court,* Case No. 3:22-cv-278-JMK, Docket 2 (Returned/Undeliverable Mail 12/28/2022), Docket 3 (Dismissal for Deficient Filing 01/03/2023), Docket 5 (Returned/Undeliverable Mail 01/17/2023).

[7] *Id.*

[8] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity. *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 3:23-cv-00165-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Case No. 3:23-cv-00212-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Order re Deficient Filing
Page 3 of 5
Case 3:23-cv-00165-JMK   Document 2   Filed 10/18/23   Page 3 of 5

judge.[9] Additionally, Plaintiff's factual allegations that appear to be of a criminal nature and cites to criminal laws are misplaced. Criminal statutes generally do not provide any express private cause of action or other basis for civil liability.[10] The question of whether to prosecute an individual and what criminal charges to bring are decisions vested in the discretion of a prosecutor.[11] In any amended complaint, Plaintiff is advised to omit any claims for which he lacks a sufficient legal or factual basis.

**IT IS THEREFORE ORDERED:**

1. Plaintiff must file a complaint in conformance with the applicable rules **within 30 days** of the date of this order.

2. Plaintiff must either pay the filing fee of $402.00 or file the application to waive prepayment of the filing fee **within 30 days** of the date of this order.

3. An application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement.

---

[9] "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986).

[10] *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[11] *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Case No. 3:23-cv-00165-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Case No. 3:23-cv-00212-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Order re Deficient Filing
Page 4 of 5
Case 3:23-cv-00165-JMK   Document 2   Filed 10/18/23   Page 4 of 5

4. If Plaintiff does not file a complaint and pay the filing fee or file an application to waive prepayment, this case will be dismissed without further notice to him.

5. The Clerk of Court shall include forms PS01 (Prisoner Civil Rights Complaint) and PS10 (Prisoner's Application to Waive Prepayment of the Filing Fee) with a copy of this order.

DATED this 18th day of October, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00165-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Case No. 3:23-cv-00212-JMK, *Stansberry v. Entry Department of Corrections, et al.*
Order re Deficient Filing
Page 5 of 5

Case 3:23-cv-00165-JMK   Document 2   Filed 10/18/23   Page 5 of 5